UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| TOMI, LLC, | ) |
|       Plaintiff | ) |
| v. | )   2:25-cv-00081-SDN |
| BREAKWATER DESIGN & BUILD INC., et al., | ) |
|       Defendants | ) |

### RECOMMENDED DECISION ON MOTION TO DISMISS

In this action, Plaintiff asserts several claims related to a house renovation project. (Complaint, ECF No. 1.) Plaintiff alleges breach of contract, intentional misrepresentation, negligent misrepresentation, and a violation of the Maine Unfair Trade Practices Act (MUTPA). Defendants move to dismiss the MUPTA claim. (Motion to Dismiss (Partial), ECF No. 9.)

Following review of the record and after consideration of the parties' arguments, I recommend the Court deny Defendants' motion to dismiss.

### BACKGROUND

Plaintiff, a limited liability company (LLC), contracted with Defendant Breakwater Design & Build, Inc. to renovate a house that Plaintiff owns in Maine. (Complaint ¶¶ 1, 4.) Plaintiff cites the failure to comply with Maine's Home Construction Contract Act (HCCA) and Defendants' billing and "other dishonest practices" in support of its MUTPA claim. (*Id.* ¶¶ 64, 65.)

Defendants argue that Plaintiff's MUTPA claim should be dismissed because Plaintiff, as an LLC, could not contract for person, family, or household purposes as the MUTPA requires. (*See* Motion to Dismiss at 3–5.) Defendants also contend that Plaintiff cannot rely upon the HCCA to support its MUTPA claim because the HCCA covers contracts to build, remodel, or repair residences and thus applies to dwellings in which individuals reside and does not apply to property owned by a business entity such as Plaintiff. (Defendants' Reply at 4-5, ECF No. 15.)

## LEGAL STANDARD

Pursuant to Federal Civil Procedure 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted." In reviewing a motion to dismiss under Rule 12(b)(6), a court "must evaluate whether the complaint adequately pleads facts that 'state a claim to relief that is plausible on its face.'" *Guilfoile v. Shields*, 913 F.3d 178, 186 (1st Cir. 2019) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In doing so, a court "assume[s] the truth of all well-pleaded facts and give[s] the plaintiff the benefit of all reasonable inference therefrom." *Id.* (quoting *Thomas v. Rhode Island*, 542 F.3d 944, 948 (1st Cir. 2008)).

## DISCUSSION

The MUPTA allows "[a]ny person who purchases . . . services or property, real or personal, . . . primarily for personal, family, or household purposes and thereby suffers any loss of money or property, real or personal, as a result of" an "[u]nfair methods of competition [or] unfair or deceptive acts or practices in the conduct of any trade or commerce . . ." 5 M.R.S. §§ 207, 213. Plaintiff asserts that it entered the contract "to

purchase goods and services primarily for family and or personal purposes, to wit, the improvement of the personal residence of Plaintiff's two owners." (Complaint ¶ 63.)

Defendants argue that Plaintiff's status as an LLC precludes recovery under the MUTPA. Defendants maintain that because the purpose of an LLC is to conduct business with limited personal liability for the members of an LLC, the LLC forfeits "the right to claim the LLC's property is their personal property or residence." (Defendant's Motion at 3-4.)

In other contexts, some courts have found that a business entity cannot contract for property or services for personal, family, or household purposes. For example, in *Valhalla Investment Properties,* the plaintiff, an LLC, sued the defendant in part on a Fair Debt Collection Practices Act (FDCPA) claim. *Valhalla Inv. Props., LLC v. 502, LLC*, 456 F. Supp. 3d 939, 942 (M.D. Tenn. 2020). To prevail on a FDCPA claim, a plaintiff is required to show, among other things, that the plaintiff is a consumer as defined by the law and that the debt in question "arose out of transactions which [were] primarily for personal, family or household purposes . . ." *Id.* at 945 (internal quotation marks omitted). The court first found that because the law defined "consumer" as "any natural person," plaintiff, as an LLC, was not a consumer. *Id.* at 946 ("A corporation or limited liability corporation is, by definition, not a natural person; it is an artificial entity."). The court ultimately concluded that the plaintiff's debt was not a consumer debt and that, "as an artificial entity," the plaintiff could not have any expenses or obligations for personal, family, or household purposes. *Id.* at 947–48; *Lewis v. Sole Law, PLLC*, No. 1:21-cv-12846, 2022 WL 3337137, at *5 (E.D. Mich. June 2, 2022) (citing *Valhalla* for the proposition that "[A] limited

3

liability company, like [the plaintiff] is not capable of entering into transactions for personal or household purposes.").

The MUTPA, however, expressly allows for the possibility that a business entity can contract for services and property for personal purposes. The MUTPA authorizes a "person who purchases or leases goods, services, or property, real or personal, primarily for personal, family or household purposes," and defines "person" to include "corporations, trusts, partnerships, incorporated or unincorporated associations and any other legal entity." 5 M.R.S. §§ 213, 206. While courts in Maine have not directly addressed the issue raised by Defendants, consistent with the plain language of the statute, where business entities, including an LLC, have asserted an MUPTA claim, courts in Maine have considered the claims on the merits, and have not dismissed the claims because a business entity asserted the claims.

In *Seacost RV, Inc. v. Sawdran, LLC*, 2013 ME 6, 58 A.3d 1135, a trial was held on plaintiff's MUTPA claim arising out of the plaintiff's purchase of a motor vehicle. At the close of the plaintiff's case, the court concluded that the corporate plaintiff did not purchase a motor vehicle primarily for personal use and thus could not prevail on its MUTPA claim. The Maine Law Court affirmed the trial court's finding. Notably, neither the trial court nor the Law Court determined that the plaintiff, as a business entity, was foreclosed from asserting a MUTPA claim. The claim was resolved on the merits. In *GxG Mgmt., LLC v. Young Bros. & Co.*, 457 F. Supp. 2d 47 (D. Me. 2006), the court did not have to address directly the defendant's argument that a business entity could not maintain a claim under the MUTPA to decide the defendant's motion for partial summary judgment, but the court

4

described the plaintiff's counter-argument, which noted that the definition of "person" under the MUTPA includes "corporations … and any other legal entity," as "a pretty persuasive point." 457 F. Supp. 2d at 50 n.6.  The court granted summary judgment on part of the MUTPA claim but the remaining part of the claim proceeded to a trial on the merits.  *GxG Mgmt., LLC v. Young Bros. & Co.*, No. 5-162-B-K, 2007 WL 551761, at *8–9 (D. Me. 2007) (granting defendant judgment on MUTPA claim).

The plain language of the statute and relevant Maine case law demonstrate that the mere fact that Plaintiff is an LLC does not foreclose Plaintiff from asserting a MUTPA claim.  In other words, the question of whether the renovation contract was primarily for family and personal purposes as Plaintiff asserts is not resolved simply based on Plaintiff's status as an LLC.

In addition, contrary to Defendants' argument, the HCCA also does not support dismissal of the MUPTA.  First, the HCCA does not expressly exclude a legal entity such as an LLC from the protection of the HCCA.  In addition, Plaintiff's MUTPA claim is apparently not based solely on Defendants' alleged failure to comply with the HCCA.  Plaintiff references other conduct (i.e., overbilling, falsely billing, and "other dishonest practices") as grounds for its MUTPA claim.  (Complaint ¶ 65.)

In sum, because the MUTPA authorizes a legal entity such as Plaintiff to assert a MUTPA claim, Defendants are not entitled to dismissal of the claim.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court deny Defendants' motion to dismiss.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

<u>/s/ John C. Nivison</u>
U.S. Magistrate Judge

Dated this 12th day of June, 2025.