UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| TOMI LLC, | ) |
|         Plaintiff, | ) |
| v. | )    2:25-cv-00081-SDN |
| BREAKWATER DESIGN & BUILD INC., et al., | ) |
|         Defendants. | ) |

## ORDER AFFIRMING RECOMMENDED DECISION

On June 12, 2025, the Magistrate Judge recommended denying Defendants' motion to dismiss Plaintiff's claim of a violation of the Maine Unfair Trade Practices Act (MUTPA), 5 M.R.S. §§ 206, 207, 213 (2025). ECF Nos. 9, 16. He concluded that MUTPA does not categorically bar LLCs such as Plaintiff from asserting a MUTPA claim, and thus Defendants are not entitled to dismissal of the claim under Federal Rule of Civil Procedure 12(b)(6). Because Defendants filed a proper objection, I review the issue de novo. Fed. R. Civ. P. 72(b)(3).

MUTPA provides a cause of action to "[a]ny person who purchases . . . services or property, real or personal, . . . primarily for personal, family or household purposes and thereby suffers any loss of money or property, real or personal, as a result of," 5 M.R.S. § 213(1), "[u]nfair methods of competition [or] unfair or deceptive acts or practices in the conduct of any trade or commerce," *id*. § 207. In turn, "[p]erson" is defined as "natural persons, corporations, trusts, partnerships, incorporated or unincorporated associations and any other legal entity." *Id*. § 206(2).

1

On June 26, 2025, Defendants filed a formal objection to the Recommended Decision. ECF No. 17. Although Defendants do not contest that an LLC can be considered a "[p]erson" under 5 M.R.S. § 206(2), they argue an LLC is a business entity that is "distinct from the personal business of its members," ECF No. 17 at 4, and, as such, cannot have a "personal, family[,] or household purpose[]" as required by the statute, 5 M.R.S. § 213(1).

However, the plain language of MUTPA contemplates that LLCs may have a statutory cause of action by defining "[p]erson" as including "corporations, trusts, partnerships, incorporated or unincorporated associations and any other legal entity." *Id.* § 206(2). Moreover, Maine courts that have addressed the merits of MUTPA claims brought by LLCs have declined to categorically dismiss claims based on the plaintiff's status as a business entity, as Defendants request here. *See Seacoast RV, Inc. v. Sawdran, LLC*, 2013 ME 6 ¶ 5, 58 A.3d 1135, 1137 (turning to record evidence to determine whether a car sale transaction was conducted by an individual or as a dealer-to-dealer purchase); *GxG Mgmt., LLC v. Young Bros. & Co.*, 457 F. Supp. 2d 47, 50 (D. Me. 2006) (declining to address the defendant's claim that corporations categorically cannot "take advantage of consumer protection statutes").

Whether TOMI's contract with Breakwater was "primarily for personal, family[,] or household purposes," 5 M.R.S. § 213(1), is a question of fact more appropriately addressed upon review of a more developed evidentiary record.

After de novo review, I concur with the Magistrate Judge's conclusions as set forth in his Recommended Decision and determine that no further proceeding is necessary.

Therefore, the Court **AFFIRMS** and **ADOPTS** the Recommended Decision. ECF No. 16. Defendants' partial motion to dismiss is denied. ECF No. 9.

**SO ORDERED.**

Dated this 26th day of August, 2025.

<u>/s/ Stacey D. Neumann</u>
**UNITED STATES DISTRICT JUDGE**